UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA KELLIER,

                          Plaintiff,

            -against-

NAICA ANTHONY ACOSTA; DHS MRS.
MONTAGNA; DHS MRS. HYLER; NAICA
JULIUS DOE; POLICE OFFICER
CHEUNG, 5TH PRECINCT,

                          Defendants.

20-CV-1058 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question and

diversity jurisdiction. By order dated March 3, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*. Plaintiff also filed an order to

show cause, a request for *pro bono* counsel, and a motion for permission to submit "audio

recording evidence." For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this complaint are "NAICA Anthony Acosta" and "NAICA Security personnel" Julius Doe (NAICA defendants); DHS Deputy Director Mrs. Montagna and DHS Ombudsman Mrs. Hyler (DHS defendants), and Police Officer Cheung from the 5th Precinct. NAICA is the Neighborhood Association for Inter-Cultural Affairs, Inc., a non-profit organization serving the homeless, and DHS is the New York City Department of Homeless Services.

Invoking 42 U.S.C. § 1983, Plaintiff alleges that Defendants "openly discriminated" against him, violated his right to be treated "fairly" and "respectfully," and conspired to deny him shelter. Because he was forced to sleep in the subway, Plaintiff's legs swelled.

Plaintiff asserts that Montagna said to him, "You have come to our office several times, you're not coming upstairs today." Acosta refused to answer Plaintiff's questions, hung up on Plaintiff, told Plaintiff to "have a good day," and said, "I have nothing further to discuss with you." Then, Acosta said, in a threatening manner, "you and I can personally discuss your issues," "coerced" Plaintiff "back into the same facility where Plaintiff's laptop was broken, "i.e. damaged his property without due process of law," denied Plaintiff bedding "in NAICA comfort INN hotel," and sent Plaintiff back to a shelter in the Bronx "because [he was] late." Plaintiff alleges that he was denied regular access to his caseworker, and that NAICA staff "conspire[ed] to keep him at the NAICA Bronx park location in part premised upon criminal negligent homicide."

According to Plaintiff, state law and DHS policy mandates that Defendants house him and accommodate his vegan diet. Attachments to the complaint show that Plaintiff was treated at Bellevue Hospital. Plaintiff seeks damages for the "pain and suffering" he has experienced from sleeping in the subway, and "on hard surfaces in adverse weather conditions." Plaintiff further states that he caught lice and contracted the flu while "displaced," lost any "enjoyment of life," incurred "hospital fees," and suffered "emotional distress, anger, pain."

Plaintiff also claims that Police Officer Cheung did not take Plaintiff's criminal complaint report "against whom ever called the cops on me thus violating the 14 amendment right to equal protection of the law, press." Attached to the complaint are almost 40 pages of hospital records and documents regarding Plaintiff's placement in the shelter system.

**DISCUSSION**

**A.     Section 1983 Claims**

1.     Claims Arising out of the Alleged Deprivation of Adequate Shelter

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff's complaint does not contain facts suggesting that the DHS defendants violated his constitutional rights. Plaintiff alleges that the DHS and NAICA defendants "openly discriminated" against him, but he does not explain the basis for the discrimination, or show how those Defendants' conduct arose from discriminatory animus.

To the extent Plaintiff is complaining about shelter conditions, there is no constitutional right to a well-run shelter system. In *Lindsey v. Normet*, the Supreme Court held that there is no "constitutional guarantee of access to dwellings of a particular quality." 405 U.S. 56, 74 (1972). Furthermore, the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009)).

Further, Plaintiff's allegations about being sent back to an undesirable shelter does not state a federal claim because one does not have a due process property right to placement in a particular type of shelter under federal law or New York law. *See Lindsey*, 405 U.S. at 74 ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff

has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law").

Plaintiff claims that the DHS and NAICA Defendants did not comply with New York State law and policies. But a violation of state law, without more, does not give rise to a claim under § 1983. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under § 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.") *Smith v. O'Connor*, 901 F. Supp. 644, 647-48 (S.D.N.Y. 1995) ("An individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States.")

2.      Claims against NAICA Defendants

Plaintiff has an additional burden of showing that the NAICA defendants qualify as state actors who may be held liable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d

5

Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of § 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Plaintiff brings § 1983 claims against the NAICA defendants, but he does not assert facts suggesting that their actions are attributable to the government. For this reason, Plaintiff does not state a claim under § 1983 against the NAICA defendants.

3.       Police Officer Cheung

Plaintiff asserts that Officer Cheung refused to take Plaintiff's complaint. But there is no right to an investigation by police officers or other government officials. *See DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989) (the Due Process Clause generally confers no affirmative right to governmental aid); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (holding that there is "no constitutional right to an investigation by government officials") (citation omitted). Any exceptions to this rule do not apply to the facts alleged. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993).

Generally speaking, crime victims do not have a stand-alone constitutional right to have officers investigate their complaints. *See Troy v. City of New York*, No. 13-CV-5082 (AJN), 2014

WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014) (holding that there is "no constitutional right to an investigation by government officials"), *aff'd*, 614 F. App'x 32 (2d Cir. 2015); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) ("[T]he law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual."); *cf. Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (in the procedural due process context, holding that parents had no constitutional due process property interest in adequate police investigation of motor vehicle collision that killed their son).

The facts Plaintiff asserts against Officer Cheung do not give rise to a viable § 1983 claim.

**B.     Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship.

**C.     Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." Because it is not clear at this stage whether Plaintiff can state any federal claims, the Court will determine at a later time whether to exercise supplemental jurisdiction over any

7

state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claim).

**D.      Motion for Injunctive Relief**

Plaintiff has filed an order to show cause that is essentially blank, and does not contain a request for specific injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth in this order, the facts alleged do not state a viable § 1983 claim. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

**E.      Request for Pro Bono Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. At the pleading stage, Plaintiff need not submit evidence or other proof to support his allegations.[1]

---

[1] The Court encourages Plaintiff to **call** the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The motion for *pro bono* counsel is denied, and the Clerk of Court is directed to terminate it (ECF No. 4.) The order to show cause is denied, and the request to submit audio recording evidence is denied.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-1058 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   March 20, 2020
         New York, New York

                                              _____
                                              COLLEEN McMAHON
                                              Chief United States District Judge

---

legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

                First Name                    Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City                State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

